## BENNINGTON COUNTY.

## FEBRUARY TERM, 1834.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
"     SAMUEL S. PHELPS, ⎱ *Assistant Justices.*
"     JOHN MATTOCKS, ⎰

PROBATE COURT, JOHN STEVENS Prosecutor, *vs.* JOHN
MATTHEWS, SAMUEL MILLEMAN Trustee.

BENNINGTON,
*February,*
1834.

Where a testator dies in a foreign state, in which the will is regularly proved, and administration thereupon granted, a copy of which will the executor afterwards causes to be duly recorded in a probate district in this state, and a bond is thereon given in a suit upon the same, *Held,*

That the defendant is not estopped from averring that the testator died in another state, because the words, "late of Shaftsbury, deceased," appear in the condition of the bond declared on.

Under the sixty-eighth section of the probate act of 1797, an executor who records a foreign will, in a suit upon his bond given upon such recording, is not holden for effects received in the country where the testator had his domicil and died.

A clause in the condition of a bond taken in such case and under said statute, "to pay all debts and legacies," cannot be referred to the exception in relation to residuary legatees, contained in the sixteenth section of the act aforesaid, as that relates to the primary proof of the will, and not to the filing of a will already proved.

Nor is a condition "to pay all debts and legacies," not authorized by statute in a probate bond, good at common law.

This was a trustee process, prosecuted by the plaintiff as administrator of Sukey Stevens, late his wife, against the defendant as trustee of John Matthews, executor of Daniel Matthews, deceased, declaring against the principal in an action of debt upon a probate bond. A statement of the pleadings in the cause will be found by a reference to the opinion of the court. There were three pleas and as many replications; and upon a demurrer to the replication of the plaintiff to the only plea adverted to by the court in their opinion, the county court decided that the defendant's plea was sufficient to bar the

BENNINGTON,
*February,*
1834.

Probate Court
*vs.*
Matthews, Mil-
leman, Trustee.

plaintiff from a recovery, and his replication insufficient. Where-upon the plaintiff took the exception upon which the cause comes here for revision.

*Hall and Isham for plaintiff.*—The bond states that the residence of Matthews the testator, at the time of his death, was at Shaftsbury in this state. The defendant is estopped to deny this fact, or to set up a different domicil from that which he has admitted by his bond.—1 Chitty on Plead. 575. 1 Sand. Rep. note 2, 216. 4 Com. Dig. 77. 1 Starkie's Evid. 302.

Matthews, the defendant, is a residuary legatee under the will. The condition on which this breach is assigned is good under the statute of 1797, p. 124. It is a personal obligation, and takes the case out of the ordinary rules of administration. If this legacy had been for a certain amount, it would have been immaterial whether the estate was solvent or not; here it be-comes material only as showing the amount of residuum, one sixth part of which is claimed in this action.

A bond thus executed is good when given on the filing of a will proved without this state, as in other cases.—Sec. 68, 69.

But if the defendant may thus aver against his bond, and if the testator had his residence in another state, the bond carries the same personal obligation. The sixty-eighth section con-templates a case where the residence of the testator was out of the state, and consequently the administration here ancillary. Yet such a bond may be given, and if given it must be good. The execution of such a bond is a waiver of having the matter prosecuted in New York, and the defendant by his own act has placed the same in the jurisdiction of this court. The admin-istration in New York or elsewhere may be important as show-ing the amount of residuum, not as affecting a right of action on the bond.

Aside from considering this as a probate bond, the bond is good as creating an obligation at common law, and is the same as if his personal covenant was made to the legatees; " for the obligor has by his deed consented to make the obligee trustee for the persons interested in the sum secured."—2 St. Rep. 1137, *Folks* vs. *Dominique.* 12 Mass. Rep, 367, *Thomas J. Probate* vs. *White.*

The plea to this assigned breach is bad in the following par-ticulars.

BENNINGTON,
February,
1834.

Probate Court
vs.
Matthews, Mil-
leman, Trustee.

1st, In pleading the non-residence of the testator in this state, and the want of assets here.

2d, As affording no answer to this assigned breach, the claim being disconnected from any administration of the estate.

3d, As being incapable of trial, containing matters of fact, and of record.—1 Chitty on Plea. 520.

*J. S. & D. Robinson, Jr. for defendant.*—1. The replication does not answer the plea: It may be true that the executor received goods of the testator, but it is not averred they were received within this state.—See authorities quoted under the 4th head.

2. If an executor of one domiciled in another state, or kingdom, comes into this state and files a copy of the will for record pursuant to the 68th section of the act of 1797, his liability on the bond is restricted to the property within this state. Our statute is a literal transcript of the Massachusetts statute.—See Mass. Stat. cited at length in 2 Mass. Rep. 284, *Selectmen of Boston* vs. *Boyleston.*

Legatees and persons claiming in distribution, must resort to the country of the testator's domicil for a recovery of their legacy or payment of their distributive share.—8 Mass. 506, *Richards* vs. *Dutch.*—9 Mass. 356, *Dawes, J.* vs. *Boyleston.*—Swift. Dig. 442.—2 Vt. Rep. 298, *Hapwood* vs. *Jennison.*

It is a principle of the *jus gentium* that the transmission of personal property, wherever situated by succession, distribution or bequest, is to be governed by the law of the testator's domicil.—Vol. 3 Coke Litt. 79, b. note 49.—1 Binney, 347.—*Bempde* vs. *Johnson,* 3 Ves. 201.—*Pipon* vs. *Pipon,* Amb. 26—do. 415.—2 Con. 535, per Gould, J.

3. Should it be contended by the plaintiff that the testator is described in the bond as late of Shaftsbury, and that the defendant is thereby estopped to deny that the testator then resided there, we answer, that the plaintiff should have relied on the estoppel in his replication.—1 Stark. Ev. 302.

The following is the recital in the bond:—" That if John Matthews, executor of all and singular the goods, &c. of David Matthews, late of Shaftsbury." This is a mere *recital,* not a direct affirmation. An estoppel must be certain to every intent, and not be taken by agreement or inference.—Co. Litt. 352, b.

Bennington,
February,
1834.

Probate Court
vs.
Matthews, Mil-
leman, Trustee.

The recital in the condition of the bond, of the place of rès-
idence of a third person, is not such an admission, by the obli-
gor, as will estop him from denying it.—1 Stark Ev. 369, note
1.—4 Vt. Rep.

The will under which the plaintiff claims, has become a mat-
ter of record, which is set forth in the plea : it is therefore an
estoppel against an estoppel.—Co. Litt.

The opinion of the court was pronounced by

MATTOCKS, J.—This was an action of debt upon an execu-
tor's bond. The material part of the pleadings are as follows :

The first count in the declaration alleges, that defendant, to-
gether with one Elisha Cross, now deceased, at Bennington,
on the 21st of December, 1811, duly executed to the probate
court for the district of Bennington, his bond in the penal sum
of $10,000, conditioned that " if the said John Matthews, exe-
cutor of all and singular the goods, chattels, rights, credits and
estate of David Matthews, late of said Shaftsbury, deceased,
should (among other things) well and truly pay all debts and
legacies of the said deceased, agreeably to the last will and tes-
tament of the said deceased, as aforesaid, and recorded in the
probate office in the district aforesaid, on the 2d day of De-
cember, 1812, then this obligation to be void—otherwise in full
force."

And said John Stevens alleges, that he is duly authorized to
prosecute, and assigns for breach, that said David Matthews
died possessed of personal estate to the value of $15,000,
which came to the hands and possession of the defendant.—
That he owed but $1000, and by his will devised all his es-
tate, after paying his debts, to his children—share and share
alike, to be paid them, when his executor should think proper.
—That Suky, one of the children of the deceased, intermarri-
ed with said John Stevens, and has deceased ; and that said
John has taken letters of administration upon her estate.—That
her share of said estate was over $2000 ; and avers, "that de-
fendant, though often requested, has never paid said Suky nor
said John said sum before the 2d day of December, 1812, nor
since."

To this count, the defendant plead that said David Mat-
thews, at the time of making his will, and until his death, and
the said Suky Matthews, at the time of the death of said Da-
vid, were inhabitants and residents of Hoosack, in the state of

BENNINGTON,
February,
1834

Probate Court
vs.
Matthews, Mil-
leman, Trustee.

New-York.—That on the 29th day of August, 1810, said David made his will, and devised all his estate to his children, after paying his debts; and appointed the defendant and Robert Morris and Garrit Wendell his executors, and died 2d March, 1811. And the defendant and Robert Morris, on the 5th November, 1811, at Lansingburgh, in the state of New-York, before the surrogate, duly proved said will, and administration was therepon granted to them of the property of said deceased.— That they were sworn and gave bonds, and took upon themselves the trust, and did make and exhibit to said surrogate, before the commencement of this action, a true inventory of all the goods, rights and credits of said deceased, and afterwards, in the district of Bennington, on the first Wednesday of January, 1812, the defendant produced a copy of said will, with the probate aforesaid duly authenticated, unto the probate court in said district of Bennington, which was duly filed and recorded in said office; and that no money, goods, chattels, rights or credits of said David Matthews, deceased, have come to his hands or possession in this state, either before or since the date of said writing obligatory declared upon.

To which plea, the plaintiffs replied, that said David Matthews died possessed of personal property of the value of $15,000, and that the same came into the hands and possession of the said John Matthews, as executor of the last will and testament of said David Matthews: To which replication the defendant demurred, and the plaintiff joined.

Several points have been made in the argument of the case, but we deem it not necessary to discuss any save two.

1st. Is the defendant estopped from averring in his plea, that David Matthews, at the time of his death, was a resident and inhabitant of the state of New-York? And

2d. There being no estoppel, is the plea a good answer to this count in the declaration?

The reason given why a party shall be estopped by his own former admission in a deed, is that no man ought to allege any thing but the truth for his defence; and what he has alleged once, is presumed to be true; and therefore, he ought not to contradict it, for *allegans contraria non est audiendum*. But that every estoppel, because it concludeth a man to allege the truth, must be certain to every intent, and not to be taken by argument or inference. That every estoppel ought to be a

Bennington,
February,
1834.

Probate Court
*vs.*
Matthews, Mil-
leman, Trustee.

precise affirmation of that which maketh the estoppel, and not to be spoken impersonally. Neither doth a recital conclude, because it is no direct affirmation. That estoppel against estoppel doth put the matter at large. That where the verity is apparent in the same record, there the adverse party shall not be estopped to take advantage of the truth, for he cannot be estopped to allege the truth, where the truth appeareth of record.—Coke Littleton, section 669 and notes.—4 Just. 272.

Now to apply this ancient and sound authority upon this artificial branch of the common law to the case, and it will not conclude the defendant from averring the fact that the testate died an inhabitant of New-York. The plea, and the record therein made a profert of, shows that the original administration was taken out in New-York, and a copy filed in this state, where the bond declared on was given. This all but proves the fact; for upon what other ground could the probate here derive a secondary and not an original administration. And could the words "late of Shaftsbury, deceased," have been intended to assert or admit, that the deceased was of Shaftsbubury when he died? which fact would have rendered the doings of the probate in that form a nullity. May it not rather be descriptive of what David Matthews was intended, as the deceased might have formerly resided in Shaftsbury? But however this may be, it is not certain to every nor to a certain intent, and it is not to be taken by inference; and as estoppels are not favored by law, as they tend to suppress truth, we consider, independent of the question, whether the plaintiff should have plead the estoppel, that the fact of David Matthews residence in New-York was well plead. Does the plea disclose a good defence to the action? The 68th section of the probate act of 1797, under which the will was recorded, after directing that copies of foreign wills may be filed and recorded in the probate courts of this state, says, "and the judge may proceed thereupon to take bond of the executor or executors, or grant administration of said testator's estate, lying in this state, with the will annexed." Under this clause, the bond in question was taken; and whether the condition to pay all debts and legacies, which is not mentioned in the form of a bond given by the statute is a valid consideration, need not now be considered. In Massachusetts, it has long been settled under

BENNINGTON,
February,
1834.

Probate Court
vs.
Matthews, Mil-
leman, Trustee.

a statute very similar to ours, that an executor who records a foreign will, was not holden for effects received, in the country where the testate had his domicil. The reasoning of the court in the case of *Selectmen of Boston* vs. *Boylston*, 2 Mass. 381, is very satisfactory on this point; and the principles there adopted, have been since followed in that state, and have been recognized here, as appears by the case of *Hapgood* vs. *Jenison*, 2 Vt. R. 294. Indeed, it would be perfectly unjust and impracticable to make him who administers upon property in this state, account for property received in another state or kingdom, under another and the principal administration where he has or is bound to account for all effects there received, and where creditors and legatees should go, if they desire to avail themselves of the funds there remaining.

But it has been contended that the clause in the bond to pay debts and legacies, may be considered as inserted under the 15th section of the act aforesaid, which directs, that executors taking upon themselves that trust, shall give bonds to make an inventory and render an account to the probate court like administrators, " unless such executor or executors are residuary legatees, in which case, bond may be given by him, her or them, to pay the debts and legacies of the testator." The answer to this is, that this section evidently relates to the primary proof a will, and not to the filing a will already proved; and besides this, defendant and others the children of the testate, were to have the whole estate after the payment of debts; they were therefore not residuary legatees, but changed from heirs to legatees. A residuary legatee is he to whom the residuum of the estate is left by will. Legacy is a bequest of goods and chattels by will or testament. The person to whom it is given is styled the legatee. And if the gift is of the residue of an estate, after payment of debts and legacies, he is then styled the residuary legatee.—Jacobs' Law Dic.

It has also been argued, that the condition in the bond to pay the debts and legacies, is good at common law, as a substantive obligation. But this being an official bond, and this condition not being provided nor authorized by law, is like the condition in a jail bond, that the prisoner should also pay for his board and washing, which was held void, as reported by Judge Chipman.

The plea being a sufficient answer to the declaration, and

BENNINGTON,
February,
1834.
_____
Probate Court
vs.
Matthews, Mil-
leman, Trustee. the replication not traversing the material facts set forth in the plea, and it being a known principle that what is not traversed is virtually admitted, the plea is considered sufficient, and the replication insufficient; and therefore,

The judgment of the county court is affirmed.