COURT OF INSOLVENCY, J. B. HOLLISTER, pros., *vs.*
P. M. MELDON, et al.

May Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Appeal Bond—Extent of Validity—Amendment of Statute—Messenger's Fees not Taxable Costs—Assignee May Prosecute Cost Bond.*

A bond given in a legal proceeding is enforceable only so far as the law required security to be furnished.

A bond given in 1893, upon appeal by the debtors from an adjudication of

insolvency, was not required to cover intervening damages, but only costs.

Under Acts of 1884, No. 125, messenger's fees are not taxable costs against insolvent debtors, but are payable out of the estate.

A statute which, by reference, adopts another statute, is to be read as though the latter had been incorporated in it. Hence, it is not altered by a later act amending the statute referred to.

The assignee is the party to prosecute a forfeited bond furnished by the insolvent debtors upon their appeal from the adjudication of insolvency.

R. L. 1810, 1870, 2273, and Acts of 1884, No. 125, construed.

DEBT on a bond given to the Court of Insolvency for the District of Manchester. The defendants filed a general demurrer. At the December Term, 1896, Bennington County, *Thompson*, J., presiding, the demurrer was overruled, the declaration adjudged sufficient and judgment rendered for the Court of Insolvency for the penalty and in favor of the prosecutor for three hundred dollars, being for the fees of the messenger pending the appeal in the insolvency proceedings paid by the prosecutor as assignee under order of the court of insolvency. The rulings and judgment were all *pro forma*. The defendant excepted.

*P. M. Meldon* and *G. E. Lawrence*, the defendants, *pro se*.

The assignee is not the party to prosecute the bond. He took no part in the proceeding upon the petition in the court of insolvency, or upon the appeal, and is not a creditor. He is a volunteer having no interest and alleging none in his declaration. *Probate Court* v. *Brainard*, 48 Vt. 620.

The statute did not contemplate that messengers' fees should be secured by the bond, and the bond is enforceable only to the extent to which it was required. *Probate Court* v. *Matthews*, 6 Vt. 269.

The statute requires no bond in a case like this; therefore it is entirely unenforceable. *Lyon* v. *Ide*, 1 D. Chip. 46.

The demurrer should have been sustained. *Probate Court* v. *Hull*, 58 Vt. 306.

*Butler & Moloney* for the plaintiff.

Ross, C. J.   The contention is in regard to the validity, or the extent of the validity, of the defendant's bond given to the court of insolvency.   A creditor brought a petition to the court of insolvency to have S. F. Prince and J. F. Prince, partners, doing business under the name of D. L. Kent & Company, adjudged to be insolvent.   They were so adjudged and from that adjudication appealed to the county court. For the prosecution of the appeal the bond in suit was given.   It is conditioned to pay all intervening damages and costs occasioned by the appeal, if they should fail to prosecute the appeal to effect.   They did so fail.   Being given in a legal proceeding, it is enforceable only to the extent the appellants were required by law to furnish security for their appeal.   *Probate Court* v. *Matthews*, 6 Vt. 269.   The bond is dated June 8, 1893.   The laws then in force on the subject were the Revised Laws of 1880, modified by Act 125 of the Session Laws of 1884   By R. L. § 1870 an appeal was allowed to the petitioning creditor, or to the petitionees, from the decision of the judge of the court of insolvency, "upon the question of the insolvency of the debtor, as is provided in this chapter for appeals from the finding of the judge to the county court."   R. L. § 1810 provides for such appeals.   Among others it contains this provision: "Security for costs shall be given by the party appealing as in cases of appeal from the probate court."   On appeals from the probate court, the appellant was to give a bond conditioned for the payment of such costs, R. L. 2273.   Act 125 of the Session Laws of 1884 is an addition to the law then in force in regard to such appeals.   Section one provides "Before an appeal shall be allowed from any other decision," etc., of such court the person appealing shall give a satisfactory bond conditioned that he will prosecute his appeal to effect and pay intervening damages and costs occasioned by such appeal.   This evidently means appeals from such decisions and judgments as the Revised Laws had made no provisions for; because, in § 3, it proceeds to

enact: "The security required to be taken in section one thousand eight hundred and ten of the Revised Laws shall be for intervening damages and costs." R. L. § 1810 relates to appeals from the judge's allowance, or disallowance of claims, and not to appeals from adjudications upon a petitioning creditors' application to have the debtors adjudged to be insolvent. Those appeals, as we have seen, were provided for in R. L. § 1870. This class of appeals are spoken of in §§ 4 and 5 of the act of 1884. Section 4 is to the effect that such appeals shall stand for trial in the county court at the term they are entered, and that the judgment of the county court shall be conclusive. Section 5 is, that after an adjudication of insolvency upon the application of creditors, if an appeal is taken, the court may appoint a messenger to take care of the person's property, "and the fees of such messenger shall be a part of the costs of the proceeding to be paid from the estate, if the decision of the court of insolvency is affirmed and to be paid by the petitioner if the adjudication is removed."

There can be no doubt that under the statutes cited, the defendants in this suit are holden on their bond for the payment of the costs of the appeal. This obligation arises from the reference in R. L. § 1870, to R. L. § 1810, whereby the appealing party is required to give security for such costs. But the reference in R. L. § 1870 to R. L. § 1810 is to it as it stands in the Revised Laws. The effect of such reference is to incorporate the provision in R. L. § 1810 in regard to the appealing party giving security for costs into R. L. § 1870. It does not refer to it as amended and enlarged by § 3 of the act of 1884. Endlich on Inter. of Statutes §§ 233, 492. Sutherland on Statutory Construction § 257. The latter says: "Such adoption does not include subsequent additions or modifications of the statute so taken unless it does so by express intent." In support of this he cites several cases. Hence, when the bond was given the debtors were not required to give security for

intervening damages, and this part of the condition of the bond was withont the authority of the statute, and not obligatory upon the defendants.

The plaintiff contends that § 5 of the act of 1884, making the messenger's fees a part of the costs of the proceeding relating to such appeals, obligates the defendants under their bond for costs to pay such fees. But that section in terms declares that if the decision of the court of insolvency is affirmed, such fees or costs shall be paid from the estate. There is no provision that such fees shall be a part of the costs taxable against the appealing debtor. Costs are not taxable against a party except when made so by statute. In this section it is clearly provided how such fees, or costs, shall be paid. If the adjudication is affirmed they shall be paid from the estate; if removed, by the petitioning creditor; and there is no provision by which the assignee of the estate can charge them over to the debtors as a part of the costs to be paid by them, if they fail to prosecute their appeal to effect. Hence we conclude that such fees, though denominated costs, are not taxable to the appealing debtors, and therefore not recoverable under this bond. The other costs attendant upon the appeal in the county court may be recovered in this action on the bond against the defendants. The assignee is entitled to all funds which belong to the estate for distribution. In his official capacity he was interested in whatever is recoverable upon this bond and properly allowed to prosecute it.

> *The pro forma judgment reversed and cause remanded to have the costs held recoverable ascertained and judgment rendered therefor.*